# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| GRAYSCALE INVESTMENTS, LLC,<br><br>    Petitioner,<br><br>    v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>    Respondent. | Case No. 22-1142 |

## PETITIONER'S STATEMENT OF ISSUES TO BE RAISED

Pursuant to this Court's Order dated July 1, 2022, Petitioner Grayscale Investments, LLC ("Grayscale") respectfully submits the following preliminary statement of issues to be raised in this petition, which seeks review of an order of the Securities and Exchange Commission ("Commission") titled Order Disapproving a Proposed Rule Change, as Modified by Amendment No. 1, to List and Trade Shares of Grayscale Bitcoin Trust Under NYSE Arca Rule 8.201-E (Commodity-Based Trust Shares), Release No. 34-95180, 87 Fed. Reg. 40299 (July 6, 2022) (hereinafter "Disapproval Order").

Grayscale contends that the Disapproval Order is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and/or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," in violation of the Administrative Procedure Act, 5 U.S.C. § 706, and the Securities

Exchange Act of 1934 (the "Exchange Act"). Specifically, Grayscale intends to raise the following issues:

    1. Whether the Disapproval Order is arbitrary, capricious, an abuse of discretion, or in excess of statutory authority under the Exchange Act, because the Commission disapproved the proposed rule on the ground that NYSE Arca purportedly lacks a comprehensive surveillance-sharing agreement with a regulated market of significant size related to spot bitcoin.

    2. Whether the Disapproval Order is arbitrary, capricious, an abuse of discretion, or in excess statutory authority under the Exchange Act, because the Commission treats bitcoin futures exchange-traded products differently than spot bitcoin exchange-traded products without adequate justification.

    3. Whether the Disapproval Order is arbitrary, capricious, an abuse of discretion, or in excess statutory authority under the Exchange Act, because the proposed rule is consistent with the requirements of Exchange Act Section 6(b)(5), including the requirement that the rules of a national securities exchange be "designed to prevent fraudulent and manipulative acts and practices" and "to protect investors and the public interest." 15 U.S.C. § 78f(b)(5).

    4. Whether the Disapproval Order is arbitrary, capricious, an abuse of discretion, or in excess statutory authority under the Exchange Act, because it violates the Exchange Act's requirement that the rules of national securities

exchanges must not "permit unfair discrimination between customers, issuers, brokers, or dealers." 15 U.S.C. § 78f (b)(5).

Dated: August 1, 2022

Respectfully submitted,

*/s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Sarah Weiner*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, DC 20001-5369
Telephone: (202) 220-1100
Email: Donald.Verrilli@mto.com

*Admitted in New York only; Practicing under the supervision of District of Columbia Bar members

Paul S. Mishkin
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Email: Paul.Mishkin@davispolk.com

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2022, I caused copies of the foregoing document to be served on counsel for all parties of record via the Electronic Case Filing (ECF) service.

Dated: August 1, 2022                    /s/ Donald B. Verrilli, Jr.

Donald B. Verrilli, Jr.
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, DC 20001-5369
Telephone: (202) 220-1100
Email: Donald.Verrilli@mto.com