# MUNGER, TOLLES & OLSON LLP

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

---

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 683-3702

---

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

April 14, 2023

Writer's Direct Contact
(202) 220-1101
(213) 683-4007 FAX
Donald.Verrilli@mto.com

VIA ECF
Mr. Mark Langer
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001-2866

      Re:    Response to Securities and Exchange Commission's Rule 28(j) Letter filed April 12, 2023, in *Grayscale Investments, LLC v. Securities and Exchange Commission*, No. 22-1142

Dear Mr. Langer:

      The VanEck Order demonstrates that the Commission continues to arbitrarily treat proposed spot-bitcoin ETPs differently from bitcoin-futures ETPs. Nothing about that order justifies the agency's arbitrary disapproval of the proposed spot-bitcoin ETP here.

      First, the Commission points to evidence and reasoning in the VanEck Order, which is outside the record, to try to rationalize the Grayscale Order *post hoc*. That is impermissible. *E.g.*, *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 419 (1971). And the Commission's citation in a 28(j) letter of academic literature *nowhere mentioned* in the VanEck Order, Ltr. 1, or in the order under review here, is flatly improper.

      Second, the VanEck Order, which observes that bitcoin spot and futures prices may have a "mixed" or "bi-directional" relationship, 88 Fed. Reg. at 16065 & n.125, in no way disproves the 99.9% correlation between spot and futures markets. Reply.Br.6. Nor does it

change anything about the "lead-lag" arguments already fully briefed in this case. Either CME surveillance is adequate to detect spot-market attempts to manipulate bitcoin-based ETPs, or CME surveillance is inadequate to detect spot-market attempts to manipulate bitcoin-based ETPs. Reply.Br.14-15; Oral.Arg.46:17-47:40. Either way, the Grayscale Order arbitrarily denied approval to the proposed spot-bitcoin ETP.

Third, the Commission failed to mention the VanEck Order was issued over two Commissioners' dissent. *See* https://www.sec.gov/news/statement/peirce-uyeda-statement-vaneck-bitcoin-trust-031023. The dissenters explained that the Commission uses "a different set of goalposts" for proposed spot-bitcoin ETPs "from those it used—and still uses—for other types of commodity-based ETPs," which are not required "to show that the ostensibly significant market relevant to each filing meets the two-part test [the Commission] applies to spot bitcoin ETPs." *Id.* Moreover, the "Commission has explained neither why it departed from prior practice with respect to analyzing commodity-based ETP rule filings only when faced with spot bitcoin ETP filings, nor why that prior practice remains appropriate when assessing non-bitcoin commodity-based ETPs." *Id.* "[T]he Commission's decision to subject spot bitcoin-based ETPs to a bespoke standard that may be impossible for any product to meet has harmed investors" and stymied "easier, and potentially safer, retail investor access" to bitcoin markets. *Id.*

                                                    Very truly yours,

                                                    Donald B. Verrilli, Jr.